IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

MATTHEW R. PAGAN,

          PLAINTIFF,

v.                        Civil Action No.

WILMINGTON POLICE DEPARTMENT,
NEW HANOVER COUNTY, NEW HANOVER
COUNTY SHERIFF'S OFFICE, EDWARD J.
MCMAHON, SHERIFF OF NEW HANOVER
COUNTY, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, OFFICER JM LAVALLE IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER
TR WILLIAMS IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, OFFICER KP PETRONE IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER C.
WOODS IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, AND OFFICERS AND JAIL EMPLOYEES
JOHN AND JANE DOES 1-10, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES REPRESENTING
JAIL GUARDS OF NEW HANOVER COUNTY
DETENTION FACILITY AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN
                        DEFENDANTS.

**COMPLAINT**
(Jury Trial Demanded)

    NOW COMES, Plaintiff, MATTHEW R. PAGAN, by and through counsel, complaining of Defendants, and alleges that:

**STATEMENT**

    On September 27, 2020, Matthew R. Pagan was arrested by Wilmington Police who shortly thereafter transferred custody to New Hanover Sheriff's Department. According to the arresting officer's report, Mr. Pagan was arrested on charges of impeding traffic, failure

to stop-steady at a red light, reckless driving, eluding the police and unregistered driving. What did not appear on the report was that at the time he was arrested, Defendant Police Officer JM Lavallee, TR Williams and KP Petrone knew that Mr. Pagan was suffering from a psychological breakdown. Mr. Pagan, through his actions, made it clear he was suffering from a mental health crisis and needed medical care. Due to Defendants' deliberate indifference to Mr. Pagan's medical needs and pursuant to policy, practice, and/or custom of Wilmington Police and New Hanover Sheriff's Office, as a mentally ill arrestee who did not have physical injuries but only exhibited signs of mental illness, Mr. Pagan was prevented from receiving emergent mental health treatment. Because of this deliberate indifference to those arrestees who suffer psychological and/or mental health breakdowns, Mr. Pagan was denied the care he needed to protect himself from physical harm. Thus, from September 27, 2020, the day he was arrested, through September 29, 2020, Mr. Pagan was unreasonably denied adequate medical care in violation of his due process rights.

Moreover, during the intake process, Defendant C. Woods, an employee of New Hanover County Detention Facility, withheld Mr. Pagan's prescribed medication to treat narcolepsy. Defendant Woods did not alert anyone he took away this medication and allowed Mr. Pagan to suffer the effects of withdrawal, which included hallucinations and other psychological impairments that worsened his illness. Withholding Mr. Pagan's medication, lack of disclosure to medical professionals about withholding the medication, and failure to obtain medical clearance for withholding his medication in a non-clinical setting was yet another policy, practice, and/or custom of the municipal Defendants that was deliberately indifferent to the constitutional rights of Mr. Pagan.

In addition to denying Mr. Pagan adequate medical treatment and withholding his medication for his medical need, Defendants failed to properly monitor Mr. Pagan while he was detained. Mr. Pagan was deemed a suicide risk and therefore should have been monitored closely to prevent self-harm. However, Defendants did not monitor Mr. Pagan closely to prevent him from harm. Instead, Defendants exposed him to an unnecessary and wanton infliction of pain. Mr. Pagan was denied human dignity; he was intentionally held naked, incommunicado and socially, sensory and sleep deprived. As a result of these deprivations of his constitutional rights, Mr. Pagan was allowed to decompensate and self-mutilate without interference by Defendants. His self-mutilation included puncturing his own left eye globe and fracturing his left eye socket, rendering him blind in his left eye.

This lawsuit is meant to recover compensation for the constitutional and state law violations by the individual Defendants, and bring an end to the policies, practices and customs of the municipal Defendants that have for far too long violated the constitutional rights of the mentally ill.

**JURISDICTION and VENUE**

1. This action is brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a) (1-4), and §2202 as this case involves a Federal Question based on Plaintiff's protected rights under the United States Constitution, particularly the Fifth and Fourteenth Amendments and 42 U.S.C. §1983, §1988 and the Monell doctrine. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate state law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, North Carolina General Statute (N.C.G.S.) §153A-220, §153A-221, §153A-224, §153A-225, and North Carolina General Code (N.C.A.C) 14J.0601 and common law claims of negligence and intentional torts.

2. Venue is proper in the Eastern District of North Carolina, pursuant to 28 U.S.C. §1391, since the actions that give rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## PARTIES

3. Plaintiff Matthew R. Pagan is an adult citizen and resident of Onslow County, North Carolina.

4. Defendant WILMINGTON POLICE DEPARTMENT is a governmental entity that may be served with process at 615 Bess Street, Wilmington, North Carolina 28402. Wilmington Police Department served as the arresting agency in this incident.

5. Defendant NEW HANOVER COUNTY is a governmental entity that may be served with process at 230 Government Center Drive, Suite 125, Wilmington, North Carolina 28403. As part of its function, New Hanover County operates its principal law enforcement agency, New Hanover County Sheriff's Office.

6. Defendant NEW HANOVER COUNTY SHERIFF'S OFFICE is a governmental entity that may be served with process at 3950 Juvenile Center Road, Castle Hayne, North Carolina 28429. As part of its function, New Hanover County Sheriff's Office operates and houses detainees at New Hanover County Detention Center (hereinafter referred to as "Detention Facility"). In this capacity, its employees who were involved in the incident at issue are named in the Complaint.

7. Defendant EDWARD J. MCMAHON ("Sheriff Ed McMahon") is employed by New Hanover County Sheriff's Office and he may be served with process at his place of

employment, New Hanover County Sheriff's Office, located at 3950 Juvenile Center Road, Castle Hayne, North Carolina 28429.

8. Defendant JM LAVALLEE at all relevant times was an employee of Wilmington Police Department and served as an arresting officer in this incident.

9. Defendant TR WILLIAMS at all relevant times was an employee of Wilmington Police Department and served as a supervising officer in this incident.

10. Defendant KP PETRONE at all relevant times was an employee of Wilmington Police Department and served as an arresting officer in this incident.

11. Defendant C. WOODS at all relevant times was an employee of New Hanover County Detention Center and served as an intake officer in this incident.

12. Defendant jail employees JOHN AND JANE DOES 1-10 ("John and Jane Does") are employed by the North Carolina Department of Public Safety, and they may be served with process at their place of employment, New Hanover County Detention Facility, located at 3950 Juvenile Center Road, Castle Hayne, North Carolina 28429.

## FACTUAL ALLEGATIONS

13. The actions involved in this case are the result of the policies, practices, and/or customs of Wilmington Police Department and New Hanover County Detention Facility employees including the Sheriffs, Deputies, Officers, Jailers, other supervisory officials, and/or other employees in the operation of the jail.

14. This is a claim for federal law violations and state law negligence and intentional torts on behalf of Plaintiff. These violations caused severe pain, suffering, emotional distress, and permanent injuries to Mr. Pagan from the date of his arrest on September 27 through the rest of his life.

15. While in custody, Mr. Pagan was not kept safe from harm by employees of New Hanover County Detention Facility. Rather, Defendants Lavallee, Williams, Petrone, Woods, Sheriff Ed McMahon and John and Jane Does breached their duty to monitor and care for Mr. Pagan by: not getting him medical attention or his prescribed medication, confiscating his medication without obtaining clearance and failing to properly monitor him while on suicide watch, despite his mental and/or psychological illness. By doing so, Defendants were deliberately indifferent to Mr. Pagan's constitutional rights, and his emotional, psychological and physical welfare.

16. Each of the named Defendants were aware of Mr. Pagan's mental illness and did nothing to protect him from harming himself.

17. On September 27, 2020, Mr. Pagan was arrested by the Wilmington Police Department for a traffic infraction and misdemeanor that occurred in the vicinity of Airport Boulevard and Gardner Drive.

18. Wilmington Police Department charged Mr. Pagan with failure to stop-steady at a red light, impeding traffic and reckless driving for attempting to elude Wilmington Police.

19. Defendant Wilmington Police Officer JM Lavallee arrested Mr. Pagan.

20. At the time of the arrest, Defendant Lavallee recognized Mr. Pagan was suffering from a mental illness and needed medical attention as he presented a danger to himself.

21. Defendant Lavallee did not get Mr. Pagan the medical attention he needed and was thereby indifferent to Mr. Pagan's due process rights.

22. Defendant Lavallee made this decision to deliberately ignore Mr. Pagan's right to medical attention based on the Wilmington Police Department's policy, practice, and/or custom of

not providing medical attention to those arrestees suffering from mental illness who do not have physical injuries but only exhibit signs of mental illness.

23. On or slightly before September 28, 2020, Mr. Pagan was transported to New Hanover County Detention Facility for processing by Defendants TR Williams and KP Petrone who were employed by Defendant Wilmington Police Department.

24. At the time they transported Mr. Pagan, Defendants Williams and Petrone recognized Mr. Pagan was suffering from a mental illness and needed medical attention since he presented a danger to himself.

25. Defendants Williams and Petrone did not get Mr. Pagan the medical attention he needed and were thereby indifferent to Mr. Pagan's due process rights.

26. Defendants Williams and Petrone made this decision to deliberately ignore Mr. Pagan's right to medical attention based on Wilmington Police Department's and/or New Hanover County's and/or New Hanover County Sheriff's Office policy, practice, and/or custom of not providing medical attention to those arrestees suffering from mental illness who do not have physical injuries but only exhibit signs of mental illness.

27. It was a deliberate indifferent decision to deny Mr. Pagan adequate medical attention since Defendants Williams, Petrone, Woods, Sheriff Ed McMahon and John and Jane Does deemed Mr. Pagan suicidal after he arrived at the Detention Facility.

28. During the intake process at the Detention Facility, Defendants John and Jane Does denied Mr. Pagan the screening process afforded to other non-mentally ill detainees. Defendants John and Jane Does failed to obtain Mr. Pagan's previous treatment history or medical information as required for proper screening.

29. Following this screening, Defendants John and Jane Does left Mr. Pagan in a holding cell without adequate supervision, despite his outward display of distress. Prior to leaving Mr. Pagan unsupervised in this cell Defendants John and Jane Does turned off the lights, leaving Mr. Pagan alone in the dark.

30. While at the Detention Facility, Defendant C. Woods logged Mr. Pagan's personal items and put them in a bag labeled as No. 3543272.

31. Along with Mr. Pagan's wallet, military identification, cell phone and keys, Defendant Woods took from Mr. Pagan's possession his prescribed medication, Armodafinil, treatment for narcolepsy, a chronic medical condition from which Mr. Pagan suffers.

32. Prior to confiscating this prescribed medication, and in deliberate indifference to Mr. Pagan's medical needs and due process rights, Defendant Woods did not consult a medical expert about the effect it might have on Mr. Pagan.

33. Similarly, Defendant Woods did not label the type of medication he confiscated so as to obscure the type of medication being withheld from Mr. Pagan.

34. Later, on September 28, 2020, Magistrate Court Judge Elliot I. Brady of New Hanover County Court set bond in the amount of $5,000 for Mr. Pagan and ordered he be released upon execution of this secured bond.

35. While Mr. Pagan remained in New Hanover County Detention Facility in Defendant's custody, Defendant Sheriff Ed McMahon and John and Jane Does knew that Mr. Pagan's mental health condition was worsening, as he was without his medication and became more of a danger to himself.

36. While Mr. Pagan remained in the Detention Facility in Defendant's custody, Defendants John and Jane Does subjected him to intentional and objectively unreasonable force.

Defendants John and Jane Does violently stripped Mr. Pagan, leaving him naked and humiliated, denying him the inherent dignity of the human person.

37. While Mr. Pagan remained in the Detention Facility in Defendant's custody, Defendants Sheriff Ed McMahon and John and Jane Does denied Mr. Pagan: water, clothing, bedding, hygiene, recreation, ventilation, medical attention and his medication.

38. Defendants John and Jane Does forced Mr. Pagan to be in extreme isolation. Defendants' actions or inactions resulted in the creation of the potential for death or serious bodily injury to Mr. Pagan.

39. While in custody, Mr. Pagan experienced serious physical, mental and emotional anguish. Mr. Pagan pleaded for help and medical attention to no avail.

40. Defendants John and Jane Does forced Mr. Pagan to give up his food, scoffed at his plea for water, mocked, taunted and goaded him outside his cell, and stated to him, "You're not the shit anymore."

41. Acting pursuant to a policy, practice, and/or custom, each of the Defendants, individually and collectively, acted with deliberate indifference by ignoring the serious medical needs of Mr. Pagan and rejecting his repeated pleas for help. Defendants Sheriff Ed McMahon, New Hanover County, New Hanover County Sheriff's Office and John and Jane Does kept Mr. Pagan in a cell without appropriate supervision and/or other protections in place to prevent Mr. Pagan from self-harm.

42. Despite New Hanover County implementing rules to prevent inmates from harming themselves, the rules were not properly followed or enforced by Defendants Sheriff Ed McMahon or John and Jane Does as part of its policy, practice, and/or custom.

43. Similarly, there was inadequate training and supervision on the monitoring of mentally ill and unstable inmates placed on suicide watch to protect them from harm.

44. On September 29, 2020, as a result of Defendants' deliberate indifference and/or negligence, Mr. Pagan was allowed to repeatedly gouge his eyeballs in an attempt to remove them from their sockets. These repeated attempts were allowed to occur over an unreasonable amount of time before Defendants New Hanover County, New Hanover County Detention Facility, Sheriff Ed McMahon and/or John and Jane Does responded.

45. When Defendants finally responded, Mr. Pagan had already sustained massive trauma to his left eye and substantial damage to the area surrounding his right eye.

46. On the scene, Mr. Pagan was subjected to intentional and objectively unreasonable force.

47. Prior to transporting Mr. Pagan to New Hanover Regional Medical Center, EMS workers were concerned that Mr. Pagan had completely removed his left eyeball due to the severity of his injury. At the scene, EMS searched for Mr. Pagan's eyeball but were unsuccessful in finding it.

48. At the hospital, Mr. Pagan was diagnosed with a ruptured globe of the left eye, lid laceration, orbital floor open fracture to the left eye, conjunctival abrasion to the right eye, and psychosis. Doctors were unable to save Mr. Pagan's left eye; he's now blind from this eye.

49. Mr. Pagan remained at the hospital until October 6, 2020. He was then admitted to Behavioral Health Hospital for inpatient treatment and diagnosed with delusional disorder.

50. On September 29, 2020, Defendant Jailers John and Jane Does failed to properly monitor Mr. Pagan while on suicide watch. As a result, Defendants allowed him to self-mutilate causing serious injuries.

51. No jail official, guard, employee, or other county officer intervened to stop the disfigurement of Mr. Pagan, despite his cries for help while in custody at the Detention Facility.

52. At all relevant times, Defendants were on duty at the New Hanover County Detention Facility.

53. At all relevant times, Defendant Sheriff Ed McMahon was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned jail guards and jailers. Defendant McMahon was also responsible for ensuring Mr. Pagan was kept safe, yet Defendants McMahon and John and Jane Does failed to protect Mr. Pagan from harm.

54. The resulting injuries and permanent disfigurement sustained by Mr. Pagan were caused solely by Defendants, in violation of Mr. Pagan's civil and constitutional rights, North Carolina state law and without any cause, provocation, or negligence on the part of Mr. Pagan contributing thereto.

## FIRST CAUSE OF ACTION
### (Violation of Due Process under 42 U.S.C. §1983)

55. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56. Each of the Defendants including Wilmington Police Department, New Hanover County, New Hanover County Detention Facility, Sheriff Ed McMahon, Lavallee, Williams, Petrone, Woods, and John and Jane Does violated Mr. Pagan's due process rights as a pretrial detainee. Defendants failed to obtain for him constitutionally required medical care for his mental health illness, removed from him and denied him medication that had been prescribed by a physician, failed to properly monitor and protect Mr. Pagan from life

threatening self-harm and/or permanent injury, and failed to timely intervene and prevent the sustained and repeated attempts of self-harm. These acts were deliberately indifferent to the constitutional rights of Mr. Pagan under the Fifth and Fourteenth Amendments to the United States Constitution and this maltreatment was a violation of his due process rights to be free from punishment.

57. As a result, Mr. Pagan suffered serious injuries, severe pain and suffering, loss of enjoyment of life, facial disfigurement and loss of his left eye.

## SECOND CAUSE OF ACTION
**(Deprivation of Rights Under 42 U.S.C. §1983)**

58. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 57, inclusive, as if fully set forth herein.

59. All of the aforementioned acts of Defendants were carried out under the color of state law and deprived the Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C §1983.

60. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers, with the entire actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures and the rules of North Carolina Department of Public Safety, all under the supervision of ranking officers in said department.

62. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective authority which is forbidden by the United States Constitution. As a result of Defendants' conduct, Plaintiff was injured and is entitled to damages.

### THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. §1983)

63. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64. While at the Detention Facility, Plaintiff was subjected to intentional and objectively unreasonable force by Defendants John and Jane Does.

65. The aforementioned acts of Defendants' deliberate indifference to Plaintiff's condition as well as the physical and mental abuse perpetrated on the Plaintiff were tantamount to torture. Accordingly, the Defendants are liable to Plaintiff for exerting and implementing cruel and unusual punishment in violation of 42 U.S.C §1983.

66. As a result of the foregoing, Plaintiff's rights secured under the United States Constitution, particularly the Fourth and Fifth Amendment and 42 U.S.C §1983, were violated by the individually named Defendants under the color and pretenses of the statutes, ordinances, regulations, customs and usages of the State of North Carolina and under the authority of their positions as law enforcement officers.

### FOURTH CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

67. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. At all relevant times, Defendants Wilmington Police Department, New Hanover County, New Hanover County Detention Facility, New Hanover Sheriff's Office and Defendant Sheriff Ed McMahon maintained a policy, practice, and/or custom of failing to obtain

medical care for mentally ill arrestees and detainees who do not have physical injuries at the time of their arrest or to otherwise protect detainees with mental illness from self-harm.

69. These policies, customs and/or practices which include confiscating prescribed medication of mentally ill inmates without securing medical clearance, ignoring repeated calls for medical help, failing to properly monitor those mentally ill inmates who are on suicide watch and failing to properly train and supervise officers in the proper methods of keeping mentally ill detainees safe, are deliberately indifferent to the constitutional rights of individuals like Plaintiff herein and allowed for the individually named Defendants to deprive the Plaintiff of his rights under both federal and state law.

70. As a result of the foregoing, the Plaintiff was allowed to self-harm causing him to lose his left eye and to be disfigured among other physiological and psychological injuries.

**FIFTH CAUSE OF ACTION**
**(Negligent Training, Supervision and Retention**
**as to Defendants New Hanover County, New Hanover County Sheriff's**
**Department, New Hanover County Detention Facility and Sheriff Ed McMahon)**

71. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 70, inclusive, as if fully set forth herein.

72. At all relevant times, Defendants New Hanover County Sheriff's Office and Sheriff Ed McMahon had a duty to screen applicants for hire to its Detention Facility, retention to its Detention Facility or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

73. At all relevant times, it was the duty of Defendants New Hanover County Sheriff's Office and Sheriff Ed McMahon to properly and/or sufficiently hire, train, supervise and retain personnel within the Detention Facility and at the supervisory and lower ranked levels so as to properly and/or sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, jail guards, jail employees and/or personnel.

74. New Hanover County Detention Facility and/or New Hanover County Sheriff's Office personnel including Defendants Williams, Petrone, Woods, and John and Jane Does failed to obtain adequate medical treatment and administer prescribed medication. In addition, said Defendants confiscated medicine without getting medical clearance, and improperly monitored and failed to protect Mr. Pagan from being injured, were improperly trained, supervised and retained by Defendants New Hanover County, New Hanover County Detention Facility, New Hanover County Sheriff's Office and Sheriff Ed McMahon.

75. As a result of Defendants' negligence in its training, supervision and retention of Defendant jailers, officers, and jail personnel, the Plaintiff was denied medical care, deprived of his prescribed medication without having this denial approved by a qualified medical provider, left unsupervised and allowed to inflict physical injury upon himself.

### SIXTH CAUSE OF ACTION
**(Supervisory Liability under 42 U.S.C. §1983)**

76. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 75, inclusive, as if fully set forth herein.

77. Upon information and belief, among the named Defendants were supervisors, like Defendant Sheriff Ed McMahon and Defendants John and Jane Does, who were assigned

to supervise and control the actions of personnel in the New Hanover County Detention Facility.

78. Defendants violated their supervisory duties by withholding Mr. Pagan's medication, leaving him unsupervised despite his mental illness, and by failing to ensure he was properly monitored and kept safe.

**SEVENTH CAUSE OF ACTION**
**(Negligence of the Individually Named Defendants)**

79. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 78, inclusive, as if fully set forth herein.

80. Defendants had a statutory duty pursuant to N.C.G.S §153a-221, §153a-224, §153a-225 and NCAC 14J.0601 to provide adequate care and safeguard Mr. Pagan. The failure of Defendants Lavallee, Williams, Petrone, Woods and John and Jane Does to obtain adequate medical care once they were on notice that Mr. Pagan was in need for it, the removal of his medication without consultation with a medical expert, and the failure to protect him from self-harm after he was identified as being at risk for it were negligent acts that led to the foreseeable consequence of Mr. Pagan mutilating himself. In this fashion, the individually named Defendants breached their duty of care to Mr. Pagan.

81. The individually named Defendants negligently failed to provide for the safety, security and protection of Plaintiff by failing to comply with the facility's own rules of conduct as it relates to the assignment of inmates and monitoring of detainees. The individually named Defendants' failure to properly follow these rules was negligent and caused Mr. Pagan to sustain permanent injuries.

82. As a result of the foregoing, Plaintiff sustained injuries that resulted in permanent disfigurement. The municipal Defendants are vicariously liable for the negligent acts of these named individual Defendants under respondeat superior liability.

## EIGHTH CAUSE OF ACTION
### (Violation of §202 of the Americans with Disabilities Act)

83. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 82, inclusive, as if fully set forth herein.

84. Plaintiff suffers from Narcolepsy. Accordingly, Plaintiff qualifies as a person with an impairment that substantially limits one or more of his major life activities, or in the alternative as an individual with a record of such impairment. His mental illness therefore constitutes a protected disability under the ADA.

85. The above-described conduct amounts to discrimination against Plaintiff that violated §202 of the Americans with Disabilities Act, which provides that "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

86. Defendant New Hanover County Detention Center is covered by the provisions of the American with Disabilities Act.

87. Defendant's intentional or otherwise deliberate refusal to accommodate the needs of Plaintiff by, among other things, failing to ensure his safety by failing to closely supervise Plaintiff while in their custody, in light of their knowledge of his mental illness and outward signs of distress, violated the American with Disabilities Act of 1990.

88. Instead of accommodating Plaintiff's needs, New Hanover County Detention Facility and its employees denied him services and programs available to others that could have protected him from the injuries inflicted on him. The failure to accommodate Plaintiff's disability was intentional and/or deliberately indifferent to Plaintiff's rights under Title II of the ADA and was the proximate cause of his injuries.

89. Specifically, Plaintiff could have benefitted from proper monitoring by detention staff and/or peers. While in his cell, Defendants provided inadequate supervision of Plaintiff.

90. Because of Defendant's discriminatory treatment and lack of accommodation, Plaintiff suffered a lack of access to appropriate supervision, thereby causing Plaintiff to sustain serious injuries. Plaintiff is thus entitled to damages.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays for the judgment against all Defendants, including compensatory damages, punitive damages against the Defendants, any and all damages allowed by state and federal law including attorneys' fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, and attorneys' fees in an aggregate amount well above the jurisdictional amount needed to bring this case to this Court.

This, the 22nd day of December 2021.

**By:** _____
Faith R. Fox, Esq. (NC Bar#49729)
The Cochran Firm Charlotte, PLLC
Derek S. Sells, Esq. (will move for *pro hac vice* admission)
Mina Malik, Esq. (will move for *pro hac vice* admission)
THE COCHRAN FIRM NY
704 762-1588 Office
704 980-7554 Fax
FFox@CochranFirmCharlotte.com Email
Attorney for Plaintiff